517 S.E.2d 20

**STATE of West Virginia, Plaintiff Below, Appellant,**

v.

**Rebekah Leah WALLACE, Defendant Below, Appellee.**

No. 25826.

Supreme Court of Appeals of West Virginia.

Submitted June 2, 1999.

Decided June 15, 1999.

Frederick M. Rohrig, Prosecuting Attorney, Middlebourne, West Virginia, Attorney for Appellant.

David L. Zehnder, Chief Public Defender, Moundsville, West Virginia, Attorney for Appellee.

McGRAW, Justice:

This case presents the question of whether an indictment for burglary under W. Va.Code § 61–3–11(a) (1993) must specifically allege that such offense was committed "burglariously." Failing to discern any talismanic significance in such word, we conclude that this common-law pleading requirement did not survive adoption of the West Virginia Rules of Criminal Procedure.

## I.

## BACKGROUND

Defendant was charged on April 7, 1998 by a two-count indictment alleging burglary, W. Va.Code § 61–3–11(a), and petit larceny, W. Va.Code § 61–3–13(b) (1994). Count I of the indictment charged burglary in the following terms:

> That on or about the 9th day of March, 1998, in the County of Tyler, State of West Virginia, Rebekah Leah Wallace, committed the felony offense of "Burglary" by breaking and entering, in the nighttime, a dwelling house belonging to Donna Lee Miller, with intent to commit a crime therein, in violation of West Virginia Code Section 61–3–11(a), as amended, against the peace and dignity of the State

Defendant subsequently moved to dismiss Count I of the indictment based on the absence of any assertion that the burglary offense was committed "feloniously and burglariously." After initially taking Defendant's motion under advisement, the circuit court later dismissed the burglary charge prior to trial, explaining that dismissal was appropriate based on our previous decision in *State ex rel. Thompson v. Watkins,* 200 W.Va. 214, 488 S.E.2d 894 (1997) (per curiam). It is from this dismissal that the State now appeals.

## II.

## DISCUSSION

## A.

### Timeliness of Appeal

As an initial matter, Defendant asserts that the present appeal should be dismissed as improvidently granted because the State allegedly failed to file its petition within the thirty-day period prescribed by W. Va. Code § 58–5–30 (1998).[1]

The circuit court entered its dismissal order on July 16, 1998. The State subsequently filed a petition for appeal with the clerk of the circuit court on August 13, 1998; however, the petition (together with the record) was not received from the circuit clerk and filed in this Court until September 10, 1998. Based upon these facts, Defendant argues that we have no jurisdiction to hear the State's appeal because the petition for appeal was not directly received by the Court within the applicable appeal period.

We stated in Syllabus point 3 of *State v. Jones,* 178 W.Va. 627, 363 S.E.2d 513 (1987), that "[w]here the State does not file a petition to appeal with this Court within thirty

---

1. Defendant also asserts that, rather than appealing under W. Va.Code § 58–5–30, the State more properly should have invoked the original jurisdiction of this Court by petitioning for a writ of prohibition. We firmly reject this argument. The present appeal conforms to the basic requirement of § 58–5–30, since the circuit court's dismissal of the burglary count was clearly predicated on a finding that the indictment was "bad or insufficient." *See State ex rel. Forbes v. Canady,* 197 W.Va. 37, 41, 475 S.E.2d 37, 41 (1996). Consequently, it would have been inappropriate in this case for the State to resort to such an extraordinary remedy. *See* Syl. pt. 4, *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996) (one criterion used to determine whether a writ of prohibition should issue is "whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief"); Syl. pt. 1, *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953) ("Prohibition ... may not be used as a substitute for a writ of error, appeal or certiorari.").

days from the date of entry of the order dismissing an indictment as required by W. Va.Code, 58–5–30, the appeal will be dismissed as improvidently granted ."

Section 58–5–30 mandates that no appeal "shall be allowed unless the state presents its petition therefor to the supreme court of appeals within thirty days after the entry of ... judgment." [2] What the statute does not expressly prescribe, however, is the means by which such a petition must be "presented" to this Court.[3] Rather, paragraph 2 of § 58–5–30 makes clear that "all the provisions of the other sections of this article shall, so far as appropriate, be applicable to a petition for an appeal under this section...." In apparent recognition of this Court's authority under W.Va. Const. art. VIII, § 3 to expound rules of procedure, W. Va.Code § 58–5–6 (1998) provides that "[p]etitions for appeal shall be filed and processed in accordance with rules of appellate procedure promulgated by the supreme court of appeals." *See also* W. Va.Code § 58–5–3 (1998) ("A party desiring to appeal ... may file a petition in accordance with rules of appellate procedure promulgated by the supreme court of appeals."). Thus, the method of presentment is governed by, among other rules, the West Virginia Rules of Appellate Procedure.

The West Virginia Rules of Appellate Procedure specify the mode by which a petition for appeal shall be presented to this Court:

(a) *Filing With the Clerk.* When the appeal is from an order of the circuit court, an original and nine copies of the petition for appeal *shall be filed in the office of the clerk of the circuit court where the judgment, decree or order being appealed was entered.* The circuit clerk shall note on each copy the date on which the petition for appeal was filed. A docketing statement ... shall be attached to the face of the original petition and each of the copies.

(b) *Transmission to the Supreme Court.* The circuit clerk shall retain one copy of the petition and, within twenty days from deposit of money or bond for costs under paragraph (d), shall transmit the original and eight copies of the petition, along with the trial court record as designated in paragraph (c), to the Clerk of the Supreme Court by certified mail.

W.Va.R.App.P. 4(a) & (b) (emphasis added); *see also* W.Va.R.Crim.P. 37(b)(3) ("When an appeal by the state is authorized by statute, the petition for appeal shall be filed with the clerk of the circuit court within 30 days after entry of judgment or order appealed from.").

■ Accordingly, we conclude that an appeal pursued by the State under W. Va.Code § 58–5–30 is timely presented to this Court if the petition for appeal is filed with the clerk of the circuit court where the judgment or order being appealed was entered within 30 days following such entry. Because the State filed its petition for appeal in conformance with Rules 4(a) and 37(b)(3), we find no basis upon which to dismiss the present appeal for want of jurisdiction.

---

**2.** W. Va.Code § 58–5–30 provides:

Whenever in any criminal case an indictment is held bad or insufficient by the judgment of a circuit court, the state, on the application of the attorney general or the prosecuting attorney, may appeal such judgment to the supreme court of appeals. No such appeal shall be allowed unless the state presents its petition therefor to the supreme court of appeals within thirty days after the entry of such judgment. No such judgment shall finally discharge, or have the effect of finally discharging, the accused from further proceedings on the indictment unless the state fails, within such period of thirty days, to file a petition for appeal with the clerk of the court in which judgment was entered; but after the entry of such judgment or order the accused shall not be kept in custody or required to give bail

pending the hearing and determination of the case by the supreme court of appeals.

Except as herein otherwise provided, all the provisions of the other sections of this article shall, so far as appropriate, be applicable to a petition for an appeal under this section, and to all subsequent proceedings thereon in the supreme court of appeals in case such appeal is granted.

**3.** While § 58–5–30 states that no judgment "shall finally discharge, or have the effect of finally discharging, the accused from further proceedings on the indictment unless the state fails, within such thirty days, to file a petition for appeal with the clerk of the court in which judgment was rendered ....," we do not discern from this provision any directive regarding the procedure by which such appeals are to be presented to this Court.

## B.

### *Sufficiency of Indictment*

█ The circuit court's ruling in this case is traceable to our decision in *State v. Meadows*, 22 W.Va. 766 (1883), where we held in Syllabus point 2 that "[a]n indictment for burglary must charge, that the offense was 'burglariously' committed; otherwise it is bad." We recently interpreted *Meadows* to require that "an indictment charging burglary must set out the word 'burglary.'" *State ex rel. Thompson v. Watkins*, 200 W.Va. 214, 218, 488 S.E.2d 894, 898 (1997) (per curiam) (finding harmless error with respect to omission of the word "burglary" from the indictment). The circuit court in this case apparently relied upon the Syllabus (which merely recites Syllabus point 2 of *Meadows*) rather than the body of our opinion in *Watkins*,[4] since the indictment in question clearly asserts that the charge is "Burglary." Thus, we first address the question of whether the adverb "burglariously"[5] must be stated (without alteration) in an indictment charging burglary under W. Va.Code § 61–3–11(a). We conclude that it does not.

█ Assessment of the facial sufficiency of an indictment is limited to its "four corners," and, because supplemental pleadings cannot cure an otherwise invalid indictment, courts are precluded from considering evidence from sources beyond the charging instrument. Consequently, we afford no deference to a lower court's determinations regarding the sufficiency of an indictment. *See* Syl. pt. 2, in part, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996) ("Generally, the sufficiency of an indictment is reviewed *de novo*.").

The adoption of the West Virginia Rules of Criminal Procedure punctuated a long-evolving trend away from the formalistic and hypertechnical pleading requirements of common-law criminal procedure. As Professor Cleckley stresses, "[these Rules] introduced into West Virginia jurisprudence a new and modern pleading concept." 1 Franklin D. Cleckley, Handbook on West Virginia Criminal Procedure at I–120 (2d ed. 1998 Supp.). Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure now requires only that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

█ This reflects the general thrust of the Rules of Criminal Procedure, which are intended "to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." W.Va.R.Crim.P. 2. Thus, the requirements set forth in Rule 7 "were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92, 96 (1953). As was aptly noted decades ago, "[o]ne of the laudable reforms of the Federal Rules of Criminal Procedure was to eliminate the necessity for much of the cumbersome claptrap which typically encased the common law indictment." *Honea v. United States*, 344 F.2d 798, 804 (5th Cir.1965), *overruled on other grounds, United States v. Gayle*, 967 F.2d 483 (11th Cir.1992). Our adoption of a variant of these rules has had similar, if less dramatic, effect. Indictments are now considered "from the broad and enlightened

4. We have previously indicated that a "statement contained in a syllabus is to be read in the light of the opinion." *Jones v. Jones*, 133 W.Va. 306, 310, 58 S.E.2d 857, 859 (1949); *see also State ex rel. State Farm Mut. Auto. Ins. Co. v. Canady*, 197 W.Va. 107, 110, 475 S.E.2d 107, 110 (1996) ("syllabus language cannot be viewed in a vacuum; it must be considered in the context of the entire opinion"); *State v. Franklin*, 139 W.Va. 43, 57–58, 79 S.E.2d 692, 700 (1953).

5. Defendant's motion to dismiss also asserted that the indictment was deficient in failing to allege that the offense was committed "feloniously." *See* Part I, *supra*. In light of the

circuit court's exclusive reliance on *Watkins*, however, it does not appear that the dismissal was predicated on such reasoning. In any event, the indictment clearly states that the crime charged is a "felony offense." Moreover, we previously held in *State v. Manns*, 174 W.Va. 793, 799, 329 S.E.2d 865, 872 (1985), that the sufficiency of an indictment does not turn upon the inclusion of particular words, such as "feloniously." *See also State ex rel. Chadwell v. Duncil*, 196 W.Va. 643, 649 n. 9, 474 S.E.2d 573, 579 n. 9 (1996) (per curiam). Thus, the indictment is not insufficient for failing to allege that the burglary was committed "feloniously."

standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." *Parsons v. United States,* 189 F.2d 252, 253 (5th Cir. 1951).

■■■■ This Court has plenary authority to promulgate rules of procedure, which have the force and effect of law. *Teter v. Old Colony Co.,* 190 W.Va. 711, 724–26, 441 S.E.2d 728, 741–43 (1994); *Bennett v. Warner,* 179 W.Va. 742, 745, 372 S.E.2d 920, 923 (1988). In an analogous context, we have stated that "[t]he West Virginia Rules of Evidence remain the paramount authority in determining the admissibility of evidence in circuit courts." Syl. pt. 7, in part, *State v. Derr,* 192 W.Va. 165, 451 S.E.2d 731 (1994) (holding that common-law "gruesome photograph" rule was abrogated by adoption of the Rules of Evidence); *see also Mayhorn v. Logan Medical Foundation,* 193 W.Va. 42, 49, 454 S.E.2d 87, 94 (1994) (W.Va.R.Evid. 702 "is the paramount authority for determining whether or not an expert is qualified to give an opinion."). We likewise conclude that the West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction; any statutory or common-law procedural rule that conflicts with these Rules is presumptively without force or effect.[6] *See State v. Davis,* 178 W.Va. 87, 90, 357 S.E.2d 769, 772 (1987) (holding that W.Va.R.Crim.P. 7(c)(1) supersedes the provisions of W. Va.Code § 62–9–1 (1931), to the extent that the statute requires the indorsement of the grand jury foreman

and attestation of the prosecutor on the reverse side of the indictment), *overruled on other grounds, State ex rel. R.L. v. Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994).

■■■ Article III, § 14 of the West Virginia Constitution mandates, in part, that in all criminal trials "the accused shall be fully and plainly informed of the character and cause of the accusation."[7] Rule 7(c)(1) is coterminous with this constitutional command.[8] As we stated in Syllabus point 2 of *State v. Miller,* "[a]n indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." *See also State v. Wade,* 174 W.Va. 381, 384, 327 S.E.2d 142, 146 (1985) ("Rule 7(c)(1) ... implements the requirements of this constitutional provision.").

In *Hamling v. United States,* the United States Supreme Court articulated the benchmark by which the sufficiency of an indictment is measured: "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974) (citations omitted).

Our body of law in this area is consistent with these fundamental concerns. This Court has held that "[i]n order to lawfully charge an accused with a particular crime it is imperative that the essential elements of that crime be alleged in the indictment." Syl. pt. 1, *State ex rel. Combs v. Boles,* 151

---

**6.** The West Virginia Rules of Criminal Procedure were never intended, however, to create a closed system: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute." W. Va. R.Crim. P. 57(b).

**7.** A similar command is contained in the Sixth Amendment to the United States Constitution, which requires that "[i]n all criminal prosecutions, the accused shall ... be informed of the nature and cause of the accusation." Although we have previously suggested that "our [state] constitutional requirement mandates a fuller specification of the charge than required under [the Sixth Amendment]," *State v. Jones,* 161

W.Va. 55, 62 n. 9, 239 S.E.2d 763, 768 n. 9 (1977), *overruled on other grounds, State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980), this distinction remains purely hypothetical.

**8.** Rule 7 also preserves the protection given by the Grand Jury Clause of W. Va. Const. art. III, § 4, which requires that all felony offenses be charged by an indictment returned by a grand jury. As we noted at the beginning of this century, " '[a] defendant in a criminal action is entitled, under the Constitution, to have the essential and material facts charged against him found by the grand jury.' " *State v. Parkersburg Brewing Co.,* 53 W.Va. 591, 594, 45 S.E. 924, 925 (1903) (quoting *State v. O'Flaherty,* 7 Nev. 153 (1871)).

W.Va. 194, 151 S.E.2d 115 (1966); *see also State v. Knight*, 168 W.Va. 615, 620–21, 285 S.E.2d 401, 405 (1981). Also, we have stressed that to pass constitutional muster, an indictment must "clearly state[ ] the nature and cause of the accusation against a defendant, enabling him to prepare his defense and plead his conviction as a bar to later prosecution for the same offense." Syl. pt. 1, *State v. Furner*, 161 W.Va. 680, 245 S.E.2d 618 (1978); *see also State v. George W.H.*, 190 W.Va. 558, 568–69, 439 S.E.2d 423, 433–34 (1993); *State v. Childers*, 187 W.Va. 54, 57, 415 S.E.2d 460, 463 (1992) ("[I]f the averments of the indictment are sufficient to enable the defendant to prepare his defense and to plead former jeopardy after acquittal or conviction, the constitutional requirement is met.") (citing *Burton v. United States*, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906)); *State v. Manns*, 174 W.Va. 793, 799, 329 S.E.2d 865, 872 (1985) ("[T]he purpose of an indictment is to plainly inform the defendant of the nature of the crime charged and to protect him against further or double jeopardy....") (citing Syl. pt. 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983)).

■ Consequently, an indictment is sufficient under Article III, § 14 of the West Virginia Constitution and Rule 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend;

and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.[9] *See State v. Miller*, 197 W.Va. at 599, 476 S.E.2d at 546; *State v. Adams*, 193 W.Va. 277, 281 n. 8, 456 S.E.2d 4, 8 n. 8 (1995).

■ The sufficiency of a criminal indictment is measured in practical, commonsense terms by whether it meets these basic constitutional requirements. "No particular form of words is required ... so long as the accused is adequately informed of the nature of the charge and the elements of the offense are alleged." *State v. Hall*, 172 W.Va. 138, 143–44, 304 S.E.2d 43, 48 (1983); *see also Manns*, 174 W.Va. at 799, 329 S.E.2d at 872 (1985).

It is clear from this discussion that formalities of the kind espoused in *Meadows* did not survive the move toward more liberal pleading requirements. Defendant nevertheless asserts that an indictment for burglary under W. Va.Code § 61–3–11(a) must contain the adverb "burglariously" (as distinguished apparently from the noun form of the same word), or other words of similar meaning, so as to "provide[ ] the element of lack of consent to enter [the dwelling of another]." We find this argument meritless.

■ Even if an entry must be unauthorized,[10] such a requirement is subsumed by

---

9. Of course, Rule 7(c)(1) also requires that "[t]he indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." While this requirement is clearly mandatory, W. Va. R.Crim. P. 7(c)(3) further provides that "[e]rror in the citation or its omission shall not be ground for dismissal of the indictment ... if the error or omission did not mislead the defendant to his or her prejudice." Thus, it is unlikely that such an omission would be fatal, so long as "in charging the offense, [the indictment] substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. pt. 3, in part, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983).

10. It is by no means clear that nighttime burglary statute requires an unauthorized entry. In *State v. Louk*, 169 W.Va. 24, 26, 285 S.E.2d 432, 434 (1981), *overruled on other grounds, State v.*

*Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994), the Court noted that "[o]ur statute is consistent with the conclusion of most courts that the burglary is complete once there has been an *unauthorized* entry and a showing that there was an intent to commit a felony." (Emphasis added.) This statement was later called into question in *State v. Plumley*, where we stressed that "[t]here is no language in the statute that the entry must be by force or that it must be against the will of the occupant." 181 W.Va. 685, 688, 384 S.E.2d 130, 133 (1989) (footnote omitted).

   Because the legislature has deleted the "breaking" requirement with regard to entry in the nighttime, the statutory offense of burglary of the dwelling house of another involves no unlawfulness of entry except as the entry becomes unlawful by reason of the criminal intent of the person entering.

*Id.* at 689, 384 S.E.2d at 134 (footnote omitted). While it was ultimately unnecessary for the Court in *Plumley* to premise its holding on this ground, it nevertheless shed considerable doubt on the suggestion that nighttime burglary requires an unauthorized entry.

the breaking element itself. In other words, to the extent that lack of consent is implicitly required at all, it must necessarily be encompassed within the term "breaking." *Cf. State v. Hall,* 172 W.Va. at 144, 304 S.E.2d at 48–49 (1983). Importantly, the indictment's reference to the applicable statute " 'necessarily carries with it all the [implicit] elements of the offense charged under that section.' " *State v. Young,* 185 W.Va. 327, 341, 406 S.E.2d 758, 772 (1991) (quoting *State v. Nester,* 175 W.Va. 539, 542 n. 1, 336 S.E.2d 187, 189 n. 1 (1985)) (alteration in original) (footnote omitted). Consequently, we find no basis upon which to conclude that this term is indispensable to an indictment for burglary.

■ We hold that an indictment for burglary under W. Va.Code § 61–3–11(a) that contains a plain, concise and definite written statement of the essential facts constituting such offense as required by W. Va. R.Crim. P. 7(c)(1), is sufficient notwithstanding the omission of an allegation that the offense was committed "burglariously." To the extent that *State v. Meadows* and its progeny are inconsistent with this conclusion, they are expressly overruled.

The indictment returned in this case clearly meets the requirements of Rule 7(c)(1). It makes reference to both the designated name of the crime, "Burglary," and the controlling statute, § 61–3–11(a). It also states the elements of the offense in terms that closely track the language of the statute, with reference to particular facts such as the date of the offense and the owner of the affected premises. There can be no dispute that such information was sufficient to properly apprise Defendant of the nature of the charge against her. Indeed, Defendant makes no attempt to argue otherwise. Thus, we conclude that the indictment in this case was sufficient under both our state and federal constitutions, as well as Rule 7(c)(1).

## III.

## CONCLUSION

For the reasons stated, the judgment of the Circuit Court of Tyler County is hereby

reversed and remanded for further proceedings consistent with this opinion.

Reversed and Remanded.