556 S.E.2d 820

**STATE of West Virginia ex rel. Jonathan L. DAY, Petitioner**

v.

**Honorable Gray SILVER, III, Judge of the Circuit Court of Morgan County, and David H. Savasten, Prosecuting Attorney for Morgan County, Respondents**

**No. 29836.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 5, 2001.

Decided Nov. 28, 2001.

---

Charles S. Trump, IV, Esq., Trump and Trump, Berkeley Springs, West Virginia, Attorney for Petitioner.

David H. Savasten, Esq., Berkeley Springs, West Virginia, Prosecuting Attorney, for Respondents.

MAYNARD, Justice:

The petitioner, Jonathan Lee Day, requests that this Court issue a writ of prohibition which prohibits the Circuit Court of Morgan County from proceeding to trial against him under the indictment that was returned by the grand jury on September 5, 2000. We believe the indictment is defective and must be dismissed.

On September 5, 2000, the grand jury of Morgan County returned an indictment against the petitioner charging him with two misdemeanor offenses, petit larceny and destruction of property.[1] The petitioner subsequently filed a motion requesting that the circuit court dismiss the indictment for failure to set forth all of the elements of the charges. On May 21, 2001, the court entered an order denying the motion stating that the indictment: (1) "does state clearly all neces-

---

1. W.Va.Code § 61–3–13 (1994) states in pertinent part:

(b) If a person commits simple larceny of goods or chattels of the value of less than one thousand dollars, such person is guilty of a misdemeanor, designated petit larceny, and, upon conviction thereof, shall be confined in jail for a term not to exceed one year or fined not to exceed two thousand five hundred dollars, or both, in the discretion of the court.

W.Va.Code § 61–3–30 (1975) states in pertinent part:

If any person unlawfully, but not feloniously, take and carry away, or destroy, injure or deface any property, real or personal, not his own, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than five hundred dollars, or imprisoned in the county jail not more than one year, or both fined and imprisoned.

sary elements of each crime;" (2) "does provide adequate notice of the nature of the charges;" and (3) "is not deficient to the extent that it could not be pled ... as a judgment in bar of further prosecution in this matter."

Even though the misdemeanor charges of theft and destruction of property are specified in the indictment, the petitioner argues the indictment is nonetheless fatally defective because it fails to set forth the elements of the charges. By this he means that each piece of property he is accused of stealing and destroying is not identified or described in the indictment. He contends he could not possibly assert a former conviction or acquittal against a subsequent prosecution involving the property included in these charges when the indictment contains no description or enumeration of the stolen and destroyed property.

The State admits that neither count of the indictment identifies the specific items which were stolen and destroyed. However, the State argues the indictment is not defective because it clearly identifies the owner and the value of the property. The State believes the deficiency would be remedied, not by dismissing the indictment, but by filing a bill of particulars which lists each separate item believed to be stolen and destroyed. In fact, the State says that particular motion has been filed and is currently pending before the circuit court. The State also conveys that it has provided the petitioner with discovery which enumerates each stolen and destroyed item. The petitioner nonetheless believes the lack of specificity contained in the indictment violates the standard articulated in West Virginia Rule of Criminal Procedure 7(c)(1) [2] in that he has not been provided with "a plain, concise and definite written statement of the essential facts constituting the offense charged." We agree.

■ " 'Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.' Syl. pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996)." Syllabus Point 3, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999). These practical considerations are contained in Syllabus Point 7 of *State v. Zain*, 207 W.Va. 54, 528 S.E.2d 748 (1999), *cert. denied*, 529 U.S. 1042, 120 S.Ct. 1541, 146 L.Ed.2d 354 (2000), which reads as follows:

" 'An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based.' Syllabus Point 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983)" Syllabus point 8, *State v. Bull*, 204 W.Va. 255, 512 S.E.2d 177 (1998).

■ This means that "[a]n ... indictment in the words of the statute is ordinarily sufficient, as long as the statute fully defines and describes the offense, and the charging instrument fully informs accused of the particular offense with which he is charged and enables the court to determine on what statute the charge is founded." 42 C.J.S. *Indictments and Informations* § 123 (1991). Moreover,

An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syllabus Point 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999). "The constitutional prohibition of double jeopardy consists of three separate guarantees: (1) It protects against a second prosecution for the same offense after acquittal; (2) It protects against a second prosecution for the same offense after conviction; (3) And it protects against multiple punishments for the same offense."

2. West Virginia Rule of Criminal Procedure 7(c)(1) states in pertinent part, "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

2C M.J. *Autrefois, Acquit and Convict* § 2 (2001).

■ The two charges contained in the indictment read in their entirety:

## COUNT I

The Grand Jurors of the State of West Virginia, in and for the body of the County of Morgan, and now attending said Court, upon their oaths present that JONATHAN L. DAY on or about the ___ day of May, 2000, in the said County of Morgan, did unlawfully, but not feloniously, steal, take, and carry away various items of personal property of Brian M. King, of a value of less than $1,000, with the intent to permanently deprive the owner of such property, in violation of Chapter 61, Article 3, Section 13 of the West Virginia Code, as amended, and against the peace and dignity of the State.

## COUNT II

And the said Grand Jurors do further present that JONATHAN L. DAY, on or about the ___ day of May, 2000, in the said County of Morgan, did unlawfully but not feloniously destroy the property of Brian M. King, in violation of Chapter 61, Article 3, Section 30 of the West Virginia Code, as amended, and against the peace and dignity of the State.

The indictment as it was returned by the grand jury substantially follows the language of W.Va.Code § 61–3–13 and W.Va.Code § 61–3–30 and unquestionably enabled the lower court to determine the statutes upon which the charges were based. However, by excluding the specific items upon which the charges are based, the indictment does not "fully inform[ ] the accused of the particular offense with which he is charged[.]"

The State believes this case is similar to *State v. Zain,* 207 W.Va. 54, 528 S.E.2d 748 (1999), *cert. denied,* 529 U.S. 1042, 120 S.Ct. 1541, 146 L.Ed.2d 354 (2000), and that the missing elements can be supplied through a bill of particulars. *Zain* is distinguishable. Zain was charged with defrauding the State of money while he worked as a state employee in the position of serologist for the West

Virginia Department of Public Safety Crime Laboratory. A five count indictment was returned against him for obtaining money under false pretenses. The circuit court dismissed the indictment on the bases that it failed to provide certain details necessary to the charge and the alleged conduct was not a crime pursuant to the statute relied upon by the State. The State appealed.

On appeal, Zain alleged the indictment was insufficient, *inter alia,* in that it failed to set forth the amounts of his salary and the value of his benefits that were in question. However, the indictment set forth the dates and stated with particularity that the money, property, and goods which Zain was accused of obtaining by false pretenses were "salaries and benefits." Under those circumstances, this Court determined that a specific accounting could properly be provided in a bill of particulars.

The indictment before us in no way lists, defines, or describes the property the petitioner is accused of stealing and destroying. This Court enumerated the components of grand larceny in *State v. Goodnight,* 169 W.Va. 366, 367, 287 S.E.2d 504, 506 (1982), as being "jurisdiction, date, specific property, value, owner, intent, taking and asportation[.]" Furthermore, the *Goodnight* Court went on to say that "[a]n indictment for larceny that follows the language of Code, 62–9–10, is sufficient." *Id.,* 169 W.Va. at 368, 287 S.E.2d at 506 (citation omitted). W.Va. Code § 62–9–10 (1931) contains the form indictment for larceny and reads as follows:

An indictment for larceny shall be sufficient if it be in form, tenor or effect as follows (after following the form in section one [§ 62–9–1]):

That A ............, on the ............ day of ............., nineteen ............, in the said county of .........., one (*here describe the property or articles stolen, giving value of separate items* ) of the value of .......... dollars, of the money, goods, effects and property of B ............, feloniously did steal, take and carry away, against the peace and dignity of the State.

And if the offense be petit larceny, the word "unlawfully" shall be substituted for the word "feloniously" in the form aforesaid, and after the word "aforesaid" the words "and within one year before the finding of this indictment" shall be inserted. (Emphasis added).

■ It logically follows that an indictment for destruction of property which follows the language of the form indictment found in W.Va.Code § 62–9–13 (1923) is sufficient. W.Va.Code § 62–9–13 reads as follows:

An indictment for taking and carrying away, injuring, destroying or defacing real and personal property, shall be sufficient if it be in form, tenor or effect as follows (after following the form in section one [§ 62–9–1]):

That A .........., on the ............ day of .........., nineteen .........., in the said county of .........., and within one year before the finding of this indictment, did unlawfully, but not feloniously, take and carry away, destroy, injure and deface the following personal property, not his own, to-wit: (*here describe the property;* or if it be real property, after the star, state "destroy, injure and deface the following real property, not his own, to-wit:" here describe it), against the peace and dignity of the State. (Emphasis added).

An element of larceny is an itemization or description of the property the accused is charged with stealing. An element of destruction of property is an itemization or description of the property the accused is charged with destroying. We, therefore, hold that in order for an indictment for larceny to be sufficient in law, it must identify with specificity the particular items of property which are the subject of the charge by specifically describing said property, unless the property is incapable of identification as in cases involving fungible goods, United States currency, or comparable articles.

Likewise, in order for an indictment for destruction of property to be sufficient in law, it must identify with specificity the particular items of property which are the subject of the charge by specifically describing said property, unless the property is incapable of identification as in cases involving fungible goods, United States currency, or comparable articles.

■ The circuit court believed the indictment was not fatally defective. The court's order states that the petitioner was not "put at a disadvantage with respect to defending against such Indictment, especially since the State has supplied to the Defendant, through his counsel, the entire police report which discloses each item of property involved[.]" The court's position overlooks our precept which states that "[a]ssessment of the facial sufficiency of an indictment is limited to its 'four corners,' and, because supplemental pleadings cannot cure an otherwise invalid indictment, courts are precluded from considering evidence from sources beyond the charging instrument." Syllabus Point 2, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999). The deficiencies contained in the indictment returned against the petitioner cannot be cured.

The indictment lacks an essential element. The petitioner is not told what property he is accused of stealing and destroying; therefore, he does not have sufficient information to prepare his defense and plead his conviction as a bar to later prosecution for the same offense. Consequently, the writ of prohibition prayed for by the petitioner is granted.

Writ granted.