632 S.E.2d 37

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Damien RICKETTS, Defendant Below, Appellant.**

No. 32896.

Supreme Court of Appeals of West Virginia.

Submitted: May 23, 2006.

Decided: June 8, 2006.

J. Bryan Edwards, Cranston & Edwards, P.L.L.C., Morgantown, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Colleen A. Ford, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

This case is before the Court on appeal from a July 15, 2005, sentencing Order of the Circuit Court of Monongalia County. The case was submitted on briefs, and following a review of those briefs and all matters of record herein, this Court finds that the circuit court erred in denying an objection to certain evidence in violation of Rule 404(b) of the West Virginia Rules of Evidence. Accordingly, in view of the prejudicial nature of this error, this Court reverses the July 15, 2005, Order of the circuit court and remands the matter for retrial.

I.

FACTS

While a student at West Virginia University, Appellant, Damien Ricketts, shared an apartment with Natosha Hawkins (his girlfriend) and Amanda Sonday. On the night of December 9, 2004, Ricketts dropped Hawkins and Sonday off at a Morgantown nightclub and proceeded to a classmate's home to work on a school assignment. Around 3:00 am the next morning, Ricketts picked up Hawkins and Sonday at the nightclub and dropped them off at the apartment. Ricketts advised that he needed to return to the classmate's home, which upset Hawkins.

Ricketts returned to the apartment fifteen minutes later to find Hawkins crying. Hawkins began yelling at Ricketts. Ricketts sat down on the third step of a set of stairs near the apartment. Hawkins was at the base of the stairs. After a period of time, Sonday joined Hawkins at the base of the stairs, and also began yelling at Ricketts. Ricketts did not respond verbally or physically.

After some time, Sonday attempted to go up the stairs past Ricketts. As she passed by Ricketts, Sonday shoved Ricketts' head into the wall. Thereupon, Ricketts pushed Sonday away and Sonday stumbled down the two steps to the base. At this point of the altercation, the witnesses' stories diverge and the facts become contested. Apparently, Ricketts contends that Sonday, while falling, reached out and grabbed him, pulling him down the stairs with her. Sonday disputes this and contends that Ricketts pounced on her while she was helpless at the bottom of the steps and that he began hitting her. Ricketts denies most of Sonday's account, but does admit to striking her at least once in the face during the scuffle that ensued at the bottom of the steps. After the altercation, Sonday left the apartment, and two neighbors took her to the hospital where it was discovered that she had suffered a two-inch laceration to her head and a cracked jaw as well as some bruising and swelling.

On January 7, 2005, Ricketts was indicted on one count of malicious assault. A jury trial was held on April 26, 2005, and April 27, 2005. Prior to trial, the State filed a "Notice of Intent to Introduce 404(b) Evidence" stating that, among other things, it intended to introduce evidence of Ricketts' March 5, 2001, conviction of the felony of delivery of a controlled substance for the purpose of showing motive and intent. The defense objected to the relevancy of the evidence, and the court subsequently ruled that the evidence was not admissible. The court stated:

"With respect to No. 4 [a reference to the prior conviction], that's not going to come in in any event as 404(b) evidence. Certainly, if the defendant should choose to testify, I think Rule 60—something covers that, and as long as it fits within that rule, its useful for impeachment."

Notwithstanding the court's ruling, the prosecuting attorney asked Ricketts about his prior conviction during the State's cross-

examination of Ricketts.[1] Defense counsel objected, but the court overruled the objection. The State and Ricketts then engaged in a set of questions and answers regarding the conviction and the circumstances surrounding it:

Q: You were convicted of trafficking in controlled substances, weren't you?

A: No, ma'am.

Q: Distributing control [sic] substances?

A: I don't believe those are the exact words in the statute, but I believe the wording was possession or—it might've been distribution. You might be right, ma'am. You would know better than I would.

\* \* \* \* \*

Q: So, you were selling drugs, correct?

A: Not exactly, ma'am. I smoked marijuana.

Q: So, you're saying you weren't convicted of -

A: I didn't say I wasn't convicted, ma'am. What I said is that I wasn't exactly selling drugs, ma'am.

Q: And your conviction was for delivery of a controlled substance?

A: Yes, ma'am.

Q: That wasn't possession of a controlled substance, was it?

A: No, ma'am.

Q: That means you were transmitting it to somebody else?

A: Yes, ma'am.

The 404(b) evidentiary issue was raised again in closing arguments when the defense attempted to mitigate the damage of the testimony. Because of this, the State questioned Ricketts' credibility in light of his answers to its questions. The prosecutor advised the jurors that she had to offer to show Ricketts the conviction for him to admit it was for delivery of a controlled substance. She asked the jurors, "How honest do you think he's been with you here today?" Immediately following closing arguments and prior to sending the jury back to the jury

room to deliberate, the court made the following statement:

Ladies and gentlemen of the jury, I'm going to do something a bit unusual at this point in the trial. I am going to instruct you to disregard some of the evidence which you heard during the trial of this case, and I'm going to strike that evidence from the record at this point and tell you not to consider it for any purpose whatsoever in your deliberations in this case, and that is the evidence of Mr. Ricketts' prior conviction.

The court has reconsidered an earlier ruling. It's not admissible and is not to be considered by you for any purpose whatsoever in your deliberations in this case. You are to decide this case based upon all of the other evidence and all of the other evidence alone.

The jury deliberated for less than an hour before convicting Ricketts of the lesser included offense of misdemeanor battery. Following his conviction, Ricketts filed a motion for judgment of acquittal or for a new trial. The court specifically acknowledged the 404(b) evidence gaffe, but concluded that the limiting instruction resolved any error, that the evidence was not a factor in the verdict, and that the verdict was supported by the evidence. Ricketts was sentenced to twelve months in the Northern Regional Jail on July 15, 2005. He now appeals.

## II.

### STANDARD OF REVIEW

We have held that "a circuit court abuses its discretion in admitting Rule 404(b) evidence only where the court acts in an 'arbitrary and irrational' manner." *State v. McGinnis*, 193 W.Va. 147, 159, 455 S.E.2d 516, 528 (1994). More, specifically, we held:

Our function on [ ] appeal is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion. In reviewing the admission of Rule 404(b) evidence, we review it in the

---

1. It should be noted that the defense did not raise the issue of Ricketts' character during his

direct examination.

light most favorable to the party offering the evidence, in this case the prosecution, maximizing its probative value and minimizing its prejudicial effect. *Id.*

We have also held that "[a]s the control of the scope, latitude and method of introduction of evidence of collateral crimes and charges is vested in the trial court, motions to introduce and motions and objections for exclusion of such evidence are addressed to the sound discretion of the court." Syl. Pt. 14, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). With these standards in mind, we turn to a discussion of the case.

## III.

## DISCUSSION

■ On appeal, Ricketts challenges his conviction based upon the admission of certain so-called Rule 404(b) evidence that he was previously convicted of a felony.[2] He asserts that the repeated mention of his prior conviction before the jury and the manner in which it was raised so poisoned the well that the jury was improperly influenced by the evidence while deliberating its verdict. Ricketts argues that the improper admission of the evidence of his prior conviction requires the reversal of his conviction or a new trial.

■ In Syllabus Point 2 of *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994), we held:

Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or

conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

Here, it is apparent that the circuit court did, indeed, undertake such a review of the proposed Rule 404(b) evidence and determined that it was more prejudicial than probative. Therefore, prior to trial, the court denied the State's motion to introduce the evidence. Nonetheless, when the prior conviction was thereafter mentioned at trial by the State, and the defense objected to it, the court surprisingly overruled the objection and permitted the State to continue its questions.

The question of the admission of evidence of collateral crimes is usually left to the sound discretion of the trial court. However, in light of its previous ruling on the matter, the court's decision to allow the evidence of Ricketts' prior conviction over the objection of the defense was certainly "arbitrary and irrational" and represented an abuse of discretion. *See State v. McGinnis* 193 W.Va. at 159, 455 S.E.2d at 528. Although the court later realized its mistake and instructed the jury not to consider the evidence, we con-

2. Rule 404(b) of the West Virginia Rules of Evidence states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

clude, in view of the prejudicial nature of the evidence, that irreparable harm to Ricketts' defense had already occurred.

 We have previously held that:

It is presumed a defendant is protected from undue prejudice if the following requirements are met: (1) the prosecution offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made an on-the-record determination under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave a limiting instruction.

Syl. Pt. 3, *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996). This is not such a case. There was no character issue raised by Ricketts in his defense such that the door was opened to the evidence of the prior conviction. Further, while the State initially asserted that it wished to offer the evidence to show intent and motive, the evidence was not relevant for such a purpose. At the time that the defense objected to the evidence, the court made no determination—on or off the record—that the probative value of the evidence outweighed any prejudice to Ricketts. Finally, though the court gave an instruction that the jury should disregard the evidence altogether, the damage was already done and could not be undone. At that point of the trial, we do not believe that the bell could be unrung. This was not, as the State suggests, harmless error.

We recognized in *McGinnis* that the improper admission of 404(b) evidence can be reversible error. *See, State v. McGinnis,* 193 W.Va. 147, 153, 455 S.E.2d 516, 522 (1994). We find that such is the case here, and we remand this matter for retrial. In doing so, we observe that Ricketts may not be tried for any offense greater than that of which he was convicted, *i.e.,* misdemeanor battery. As we recognized in *State ex rel. Day v. Silver*, 210 W.Va. 175, 179, 556 S.E.2d 820, 824 (2001), " '[t]he constitutional prohibition of double jeopardy consists of three separate guarantees: (1) It protects against a second prosecution for the same offense after acquittal; (2) It protects against a second prosecution for the same offense after convic-

tion; (3) And it protects against multiple punishments for the same offense.' 2C M.J. Autrefois, Acquit and Convict § 2 (2001)." In finding Ricketts guilty of a lesser included offense, the jury essentially acquitted him of the indicted offense of malicious assault. He cannot now be retried for malicious assault.

IV.

CONCLUSION

Accordingly, this matter is reversed and remanded to the lower court for retrial on the offense of misdemeanor battery.

Reversed and Remanded with directions.