## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0683** (Pleasants County 11-F-14)

**Jerry L. Wigal,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Wells H. Dillon, arises from the Circuit Court of Pleasants County, wherein the circuit court denied, in part, petitioner's "Motion For Reduction of Sentence" by order entered April 23, 2012. The State, by counsel Marland L. Turner, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, a Pleasants County Grand Jury indicted petitioner on one count of attempted grand larceny and one count of conspiracy. These charges stemmed from an incident in which petitioner and two accomplices, John Bailey and Roy Tranter, attempted to steal multiple batteries from vehicles owned by Select Energy. Following a jury trial in July of 2011, petitioner was convicted of both counts, and the circuit court sentenced him to a term of incarceration of one to three years for his conviction of attempted grand larceny, and a term of incarceration of one to five years for conspiracy, said sentences to run consecutively. Thereafter, petitioner filed a motion for resentencing and reduction of sentence. The circuit court resentenced petitioner for purposes of appeal, and also denied the motion for reduction of sentence, in part, by denying petitioner home incarceration. The circuit court order notes, however, that it has taken his request for concurrent sentencing under advisement.

On appeal, petitioner alleges that the circuit court erred in denying his motion for judgment of acquittal, in not granting his motion for concurrent sentencing, and that the indictment under which he was charged was constitutionally insufficient. In support, petitioner argues that there was insufficient evidence to establish the elements of both offenses because the circuit court allowed broad speculation as to what exactly petitioner and his accomplices attempted to steal. Petitioner argues that the only evidence submitted showed that he and his

1

accomplices attempted to steal three to four truck batteries worth no more than $197 each, and that only by speculating was the State able to arrive at the dollar amount require to satisfy the elements of attempted grand larceny. Petitioner also argues that the indictment was deficient because it did not specifically allege the property that he allegedly attempted to steal as required by *State ex rel. Day v. Silver*, 210 W.Va. 175, 556 S.E.2d 820 (2001). Lastly, petitioner argues that the circuit court erred in declining to rule on his motion for concurrent sentencing. According to petitioner, that motion has been pending since May of 2012, and his parole eligibility has been adversely affected by the circuit court's delay.

We have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal in regard to his convictions for attempted grand larceny and conspiracy. We have previously held that "[i]n order for the State to prove a conspiracy under *W.Va.Code*, 61-10-31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981). The evidence at trial established that petitioner and his co-conspirators agreed to steal as many batteries as they could transport, and that these individuals were arrested during the commission of the crime. As such, it is clear that the State satisfied the elements necessary for conviction of conspiracy. This evidence is also sufficient to support petitioner's conviction for attempted grand larceny. We have previously held that

> "[i]n order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime." Syl. Pt. 1, *State v. Burd*, 187 W.Va. 415, 419 S.E.2d 676 (1991).

Syl. Pt. 4, *State v. Minigh*, 224 W.Va. 112, 680 S.E.2d 127 (2009) (internal citations omitted). For these reasons, the evidence was sufficient to support petitioner's convictions and the circuit court did not err in denying petitioner's motion for judgment of acquittal.

As to petitioner's assignment of error related to the sufficiency of the indictment, we note that "'[g]enerally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.' Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996)." Syl. Pt. 1, *State v. Johnson*, 219 W.Va. 697, 639 S.E.2d 789 (2006). We have also held that

> "[a]n indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999).

Syl. Pt. 5, *State v. Haines*, 221 W.Va. 235, 654 S.E.2d 359 (2007). The record shows that the indictment in question was sufficient. The indictment clearly listed the elements of both offenses, put defendant on fair notice of the charges against him, and enabled him to assert an acquittal or conviction to avoid double jeopardy. The Court notes that petitioner's reliance on *Day* is misplaced. In *Day*, the indictment stated that the defendant stole "various items" from the victim, and this Court found such language insufficient because defendant was "not told what property he is accused of stealing and destroying; therefore, he does not have sufficient information to prepare his defense and plead his conviction as a bar to later prosecution for the same offense." *State ex rel. Day v. Silver*, 210 W.Va. 175, 180, 556 S.E.2d 820, 825 (2001). In the current matter, however, the indictment clearly indicated that petitioner attempted to steal "truck batteries." As such, we find no error with the indictment under which petitioner was charged.

Lastly, the Court finds that it cannot rule on petitioner's assignment of error related to the circuit court's failure to grant him concurrent sentencing because that assignment of error is premature, insofar as the circuit court has yet to rule on petitioner's request for concurrent sentencing. However, the Court finds that petitioner's motion has now been pending for over one year without resolution, and orders the circuit court to enter an order in regard to petitioner's outstanding request for concurrent sentencing.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II