**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0864** (Mercer County 21-F-18-DS)

**Nathaniel Edward Burroughs,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nathaniel Edward Burroughs was convicted of first-degree robbery and assault during the commission or attempted commission of a felony following a bench trial. He appeals the September 21, 2021, order of the Circuit Court of Mercer County sentencing him to penitentiary confinement for his convictions.[1] Through five assignments of error, petitioner asserts that he should have been acquitted of first-degree robbery or that both his convictions should be dismissed. We review the circuit court's final order and ultimate disposition for an abuse of discretion, the circuit court's findings of fact for clear error, and questions of law de novo. *See* Syl. Pt. 1, *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006) ("'In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syllabus Point 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996)."). For the reasons provided below, we find no abuse of discretion.

In petitioner's first assignment of error, he argues that the circuit court erred by failing to dismiss the charge of first-degree robbery because his indictment did not allege that Mary Scarberry ("the victim") was in possession, care, or control of the property that was stolen because the property—$2,770 in cash—was taken from the safe in the Dollar General store where the victim worked. Petitioner relies on West Virginia Code § 62-9-6, which provides a form indictment for robbery, as establishing the elements of robbery.

The crime of first-degree robbery, a felony, is set forth in West Virginia Code § 61-2-12(a):

Any person who commits or attempts to commit robbery by: (1)

---

[1] Petitioner appears by counsel J.J. McPherson and Paul R. Cassell. Respondent State of West Virginia appears by counsel Patrick Morrisey and Andrea Nease Proper.

1

Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

This statute does not list the elements of robbery; however, the Court has previously recognized that, "[a]t common law, the definition of robbery was (1) the unlawful taking and carrying away, (2) of money or goods, (3) from the person of another or in his presence, (4) by force or putting him in fear, (5) with intent to steal the money or goods." *State v. Wilkerson*, 230 W. Va. 366, 371, 738 S.E.2d 32, 37 (2013). Although West Virginia Code § 62-9-6 states that an indictment for robbery is sufficient if it tracks the form indictment provided in that section, there is no requirement that an indictment track the form indictment to be sufficient. Rather, we have held that an indictment is sufficient "if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 2, in part, *State ex rel. Day v. Silver*, 210 W. Va. 175, 556 S.E.2d 820 (2001); *see also* Syl. Pt. 3, *State v. Hall*, 172 W. Va. 138, 304 S.E.2d 43 (1983) ("An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based.").

Upon our de novo review,[2] we conclude that the indictment was sufficient. The first count of petitioner's indictment alleged that, on August 5, 2020, he

committed the offense of "Robbery-First Degree" by unlawfully and feloniously committing violence to the person of Mary Scarberry by striking or beating Mary Scarberry or by using the threat of deadly force by the presenting of a firearm or other deadly weapon to Mary Scarberry and taking, stealing, and carrying away money from the Dollar General safe, against Ms. Scarberry's will, against the peace and dignity of the State[.]

While this language does not track the language of West Virginia Code § 62-9-6, it satisfies each element of robbery as described in *Wilkerson*, and it follows the language of West Virginia Code § 61-2-12(a). The indictment put petitioner on fair notice that he was charged with first-degree robbery, and it sufficiently enables petitioner to assert a conviction to prevent being placed twice in jeopardy for the same offense. Therefore, petitioner was not entitled to the dismissal of his first-degree robbery charge.

In petitioner's second assignment of error, he argues that he should have been acquitted of first-degree robbery because the State failed to present any evidence that the victim was in the care, custody, or control of the money at the time of the taking. After viewing the evidence in the

---

[2] *See* Syl. Pt. 3, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999) ("Generally, the sufficiency of an indictment is reviewed *de novo*." (quoting Syl. Pt. 2, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996))).

2

light most favorable to the prosecution,[3] we find that any rational trier of fact could have found that the State met its burden as to each element of the crime of first-degree robbery. The victim testified:

> I was working in the center isle [sic] and I looked up and there was a man coming in and he -- I said hello, and next thing I know, I was in a headlock. He had his arm around my neck, dragging me up to the safe. He had a gun to my head, and then he shoved me on the floor, and I -- told me to open up the safe, and he hit me in the head. I opened the safe and he told me to give him the money. I gave him the money and he drug me to the bathroom and banged my head in the wall[.]

Upon our de novo review,[4] we find that this evidence satisfies the elements of the crime of first-degree robbery. Specifically, it shows that petitioner unlawfully took and carried away money from the presence of the victim by force, using violence against the victim, with the intent to steal the money. Accordingly, we conclude that petitioner was not entitled to be acquitted of first-degree robbery.

Petitioner's third assignment of error claims that the circuit court erred by failing to dismiss the charge of assault during the commission or attempted commission of a felony in violation of West Virginia Code § 61-2-10[5]—set forth in the second count in the indictment—because it did not identify the victim of the assault and was therefore insufficient. He argues that because the indictment does not identify the victim, petitioner may be subjected to double jeopardy for this charge. As set forth above, to be legally sufficient, an indictment must satisfy the three factors in Syllabus Point 6 of *Wallace*. We have held that "Assessment of the facial sufficiency of an indictment is limited to its 'four corners[.]'" *Id.* at 156, 517 S.E.2d at 21, Syl. Pt. 2, in part. Upon our de novo review,[6] we conclude that the second count of the indictment is legally sufficient. This count alleged that, on August 5, 2020, petitioner "committed the offense of 'Assault During the Commission or Attempted Commission of a Felony' by unlawfully and feloniously wounding another person during the commission of felony, to-wit: Robbery-First Degree, against the peace and dignity of the State[.]" When the first two counts of the indictment are read in conjunction, it

---

[3] Additionally, when reviewing a claim involving the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

[4] *See State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011) ("The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence.").

[5] West Virginia Code § 61-2-10 provides, in part: "If any person in the commission of, or attempt to commit a felony, unlawfully shoot[s], stab[s], cut[s] or wound[s] another person, he shall be guilty of a felony[.]"

[6] *See* Syl. Pt. 3, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

is clear that the person identified in the first count—the victim, Mary Scarberry—is the same victim described in the second count. Therefore, the second count put petitioner on fair notice of the charge against which he was required to defend, and it is sufficient to enable him to assert his conviction to prevent being placed twice in jeopardy for the same offense. Consequently, petitioner was not entitled to the dismissal of his assault during the commission or attempted commission of a felony charge.

Petitioner's fourth assignment of error alleges that the circuit court improperly expanded the meaning of "wounding" under West Virginia Code § 61-2-10 to include the victim's injury, which did not involve "a parting of the skin." Upon our de novo review,[7] we find no reversible error. Petitioner's argument relies on cases discussing West Virginia Code § 61-2-9 rather than West Virginia Code § 61-2-10.[8] The distinction matters because the Court has previously determined that an individual may be convicted under West Virginia Code § 61-2-10 where there has been no breaking of the victim's skin. *See State v. Vinson*, No. 11-0377, 2011 WL 8199166, at *2 (W. Va. Dec. 2, 2011) (memorandum decision). Therefore, the circuit court did not err in determining that the victim's injury, which did not involve a breaking of the skin, constituted a "wounding" within the meaning of West Virginia Code § 61-2-10.

In his final assignment of error, petitioner argues that, even if a "wounding" within the meaning of West Virginia Code § 61-2-10 does not require a breaking of the skin, the evidence was insufficient to support the circuit court's finding that a wounding occurred. We disagree. The victim testified that, as a result of being struck, she had a "huge knot" on her head. Viewing this evidence in the light most favorable to the prosecution,[9] we determine that any rational trier of fact could have found that petitioner committed a "wounding" under West Virginia Code § 61-2-10 beyond a reasonable doubt.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Tim Armstead

---

[7] *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

[8] West Virginia Code § 61-2-9 is titled "Malicious or unlawful assault; assault; battery; penalties."

[9] *See* Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Elizabeth D. Walker