# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0655** (Morgan County 15-F-42)

**Richard H. Corbin II,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard H. Corbin II, by counsel J. Mark Sutton, appeals the Circuit Court of Morgan County's June 28, 2016, order sentencing him to a term of incarceration of one to five years for his conviction of failure to update sex offender registration. The State, by counsel Gordon L. Mowen II, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress and his motion to dismiss the indictment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, a West Virginia State Trooper observed a red Dodge Durango heading south on Winchester Grade Road in Morgan County. The vehicle had a license plate number of 9W9584 and was registered to Richard Henry Corbin, petitioner's father. The trooper observed the vehicle pull into a driveway and immediately turn around to travel on the same road in the opposite direction. According to the trooper, he believed this behavior was suspicious and possibly indicated that the vehicle's occupants were surveying the home to later burglarize the same. The trooper continued to follow the vehicle, which pulled into a second driveway. At this point, the trooper initiated contact with the vehicle's occupants. The trooper determined that Jessica Evans was driving the vehicle and petitioner, a registered sex offender, was a passenger. Ms. Evans explained they were looking for a lost dog. The trooper eventually cited Ms. Evans for driving on a suspended license before ending his encounter with the vehicle's occupants.

However, the State Police later determined that the vehicle in question was listed on petitioner's sex offender registry forms. Per petitioner's forms, the vehicle's license plate number was 2LH387, not 9W9584. As such, petitioner's sex offender registry forms did not properly list the license plate number for the vehicle. As a result, petitioner was indicted on a charge of failing to properly update and/or maintain the information on his sex offender registry forms in September of 2015.

1

Following his indictment, petitioner filed a motion to suppress the evidence that his sex offender registry information was outdated. According to petitioner, the trooper lacked probable cause to initiate the traffic stop in question. Petitioner also filed a motion to dismiss the indictment and alleged that he could not be guilty of failing to update his sex offender registry information because he erroneously listed his father's Durango in the first instance. The circuit court denied both these motions. In April of 2016, petitioner entered a plea of no contest to the charge of failure to update his sex offender registration. Petitioner reserved the right to appeal the circuit court's denial of his pre-trial motions. In June of 2016, the circuit court sentenced petitioner to a term of incarceration of one to five years but suspended that sentence in favor of a term of five years of probation. It is from the sentencing order that petitioner appeals.

We have held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Further, we have explained as follows:

> 1. "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

> 2. "In contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo*. Similarly, an appellate court reviews *de novo* whether a search warrant was too broad. Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." Syllabus point 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pts. 1 and 2, *State v. Bookheimer*, 221 W.Va. 720, 656 S.E.2d 471 (2007).

On appeal, petitioner argues that the circuit court erred in denying his motion to suppress evidence of his registration because the trooper lacked a reasonable articulable suspicion to

initiate the stop. As to traffic stops, we have held that "[p]olice officers may stop a vehicle to investigate if they have an articulable[,] reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 1, in part, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). Petitioner's argument on appeal concerning the trooper's alleged lack of a reasonable articulable suspicion to initiate the traffic stop in question simply ignores the evidence below. During the suppression hearing, the trooper specifically testified that he believed the vehicle pulling into two separate driveways in a location far from the registered owner's own home was "highly suspicious" and was consistent with someone "casing a home for a burglary." That is to say, the trooper in question had a reasonable articulable suspicion that a person in the vehicle was committing or about to commit a crime. As the circuit court noted, the vehicle in question was already stopped in a driveway when the trooper approached in furtherance of investigating the vehicle's occupants' actions. Because we find that the trooper in question had a reasonable articulable suspicion to initiate the stop in question, we find no error in the circuit court denying petitioner's motion to suppress.

Finally, the Court finds no merit to petitioner's argument that the circuit court erred in denying his motion to dismiss the indictment. Regarding our review of a motion to dismiss an indictment, we have held as follows:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Syllabus point six of *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999), provides guidance on the issue of sufficiency of an indictment:

> An indictment is sufficient under Article Ill, § 14 of the West Virginia Constitution and W. Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

On appeal, petitioner argues that, although he did list the vehicle in question on his initial sex offender registration forms, he was not required to do so because the vehicle belonged to his father and he did not have a driver's license at the time. Accordingly, he argues that he was not required to update that information. As such, petitioner argues that he could not be guilty of the crime charged in the indictment.

Pursuant to West Virginia Code § 15-12-2(d)(7),

> [p]ersons required to register under the provisions of this article shall register in person at the West Virginia State Police detachment responsible for covering the county of his or her residence, and in doing so, provide or cooperate in providing,

3

at a minimum, the following when registering: [i]nformation related to any motor vehicle, trailer or motor home owned *or regularly operated by* a registrant, including vehicle make, model, color and license plate number . . . .

(emphasis added). In the present matter, it is clear that the indictment in question was sufficient in that it stated the elements of the offense charged, put petitioner on fair notice of the charge against which he was required to defend, and enabled him to assert an acquittal or conviction to prevent double jeopardy. Petitioner's argument turns wholly on a factual determination of whether he regularly operated the vehicle in question such that he was required to update the information concerning the vehicle on his sex offender registration forms. The only argument petitioner set forth below to show that he did not regularly operate the vehicle was that he did not have a valid driver's license at the time of the indictment. This, however, is insufficient to necessitate dismissal of the indictment, as petitioner could have operated the vehicle absent a valid driver's license, just as the operator of the vehicle was doing at the time of the underlying traffic stop.

More importantly, as the circuit court noted, whether petitioner regularly operated the vehicle "was a fact question for the jury to decide and an element the State would need to prove" at trial. However, petitioner waived his right to a jury trial by entering into a plea agreement. As such, the issue of whether petitioner regularly operated the vehicle in question is not at issue on appeal to this Court, as the same was never determined below. Petitioner further argues that the indictment clearly stated that he failed to provide a change in information regarding "his current vehicle registration." According to petitioner, the language rendered the indictment insufficient, as the subject vehicle belonged to his father. However, the circuit court specifically found that the language in question was sufficient given that the "reference in the indictment to 'his' [did] not limit the State to having to prove [petitioner] owned the vehicle but rather 'his' refer[red] to that which [petitioner was] required to register." We agree. It is clear that the indictment refers to petitioner's duty to update the information regarding the vehicle in question because of his initial inclusion of the vehicle as one subject to registration. Accordingly, we find no error in the circuit court's denial of petitioner's motion to dismiss the indictment.

For the foregoing reasons, the circuit court's June 28, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker