**FILED**
**May 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0384** (Berkeley County No. 19-F-103)

**Ricky Pendleton,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Self-represented petitioner Ricky Pendleton appeals the May 3, 2021, order of the Circuit Court of Berkeley County that denied his post-conviction motion for arrest of judgment. The State, by counsel Patrick Morrissey and Katherine M. Smith, respond in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 22, 1996, a Berkeley County grand jury indicted petitioner on four felony counts: kidnapping, malicious wounding, grand larceny, and aggravated robbery (Case No. 96-F-103). These charges stemmed from an incident in which petitioner and an accomplice beat Ryan Frankenberry (the "victim") and then robbed him of his wallet and vehicle, a 1987 Porsche/Z5. The beating was so severe that the victim required multiple surgeries, including the insertion of numerous titanium plates and screws into his facial bones. Following a 1998 trial, a jury found petitioner guilty on all counts. The jury recommended mercy with regard to petitioner's kidnapping conviction. Petitioner was thereafter sentenced to (1) life imprisonment, with mercy, for his kidnapping conviction, (2) two to ten years in prison for his conviction of malicious wounding, (3) one to ten years in prison for his conviction of grand larceny, and (4) sixty years in prison for his conviction of aggravated robbery. The trial court ordered these sentences to run consecutively to one another and to a federal sentence previously imposed upon petitioner.

In the instant case, petitioner appeals the Circuit Court of Berkeley County's May 3, 2021, "Order Denying Expedited Motion for Arrest of Judgment in Criminal Case No. 96-F-103." In his

1

motion for arrest of judgment, petitioner claimed that his indictment in Case No. 96-F-103 was "so defective" that it "failed to charge [him] with a crime under that law of the State of West Virginia." In denying petitioner's motion for arrest of judgment, the circuit court determined that the motion was "plainly filed outside the period contemplated under Rule 34 [of the West Virginia Rules of Criminal Procedure] and therefore may not be considered by the court." Rule 34 provides:

> The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. *The motion in arrest of judgment shall be made within ten days after verdict or finding of guilty,* or after plea of guilty or nolo contendere, or within such further time as the court may fix during the ten-day period.

(Emphasis added.) The circuit court also found that "[t]he issues raised by [petitioner] have been previously considered by [it] and by the West Virginia Supreme Court of Appeals" and, therefore, "have been fully and finally decided by previous order of this court and by the Supreme Court of Appeals."

Petitioner now appeals, claiming that the circuit court erred in "misapplying precedence of case[s] with its denial to address a claim that it had committed plain error" in various ways, including in failing to find that his 1996 indictment was insufficient.[1] Petitioner therefore argues that the circuit court erred in denying his Rule 34 motion and in ignoring his claim of "plain error" and *State v. Johnson*, 219 W. Va. 697, 639 S.E.2d 789 (2006).[2]

Petitioner first raised his insufficient indictment claim in a motion to dismiss prior to his trial. *See Pendleton v. Ballard,* No. 12-0653, 2013 WL 2477245, at *4 (W. Va. May 24, 2013)(memorandum decision). The trial court denied petitioner's insufficient indictment motion finding that it "to be sufficient under Article III, Section 14 of the West Virginia Constitution, the West Virginia Rules of Criminal Procedure, and related authorities." *Id.* at *3.

Petitioner filed a direct appeal of his conviction. However, the record is clear that, in his appeal, petitioner did not challenge the sufficiency of his indictment. This Court refused to consider petitioner's appeal.

Thereafter, in a 2003 state court petition for a writ of habeas corpus, petitioner again raised an insufficient indictment claim. Specifically, petitioner alleged that his "indictment was so deficient under Article III, § 14 of the West Virginia Constitution, that it merits reversal of his conviction." *Pendleton*, 2013 WL 2477245, at *9. The habeas court found that petitioner had waived that argument as he did not raise it on direct appeal. Nevertheless, the habeas court addressed the claim on the merits as follows:

---

[1] We note that petitioner, who filed this appeal (No. 21-0384) with the Court on May 13, 2021, raises the exact same five issues that he raised in an appeal that he filed on May 25, 2021 (No. 21-0432).

[2] Petitioner fails to state how or why *State v. Johnson*, 219 W. Va. 697, 639 S.E.2d 789 (2006), applies to his case.

2

Notwithstanding Petitioner's waiver of this claim, the Court finds that the claim has no merit. Petitioner claims that the indictment is so "utterly deficient" that the conviction should be reversed. Petitioner's contention here is that Counts II and III lack specificity, that Count IV's use of "violently" to signify an aggravated robbery is inadequate, and that Count IV lacks the necessary elements because it does not contain the elements for larceny as an element of robbery.

"An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W.Va.R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999). "An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 3, *Id.* "The requirements set forth in W.Va.R.Crim. P. 7 were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure;" Syl. Pt 4, *Id.*

Petitioner's specificity arguments are without merit. The Court finds that the indictment clearly constitutes a plain and simple statement which meets the *Wallace* elements. 205 W.Va. 155. Further, Petitioner's arguments regarding Count IV are without merit. No particular form of words is required for an indictment so long as the accused is adequately informed of the nature of the charge. *See, Wallace*, 205 W.Va. 155. The Court finds that the use of the word "violently" as it appears in the indictment is sufficient to give notice of the charge of aggravated robbery. Also, Petitioner's argument that all of the elements for larceny must be included is without merit. Count IV of the indictment stated all of the elements of the offense it charged, and the Court finds that it is sufficient under the standard.

Accordingly, the Court finds the indictment legally sufficient. Therefore, Petitioner is not entitled to an evidentiary hearing and this claim must be denied.

*Pendleton*, 2013 WL 2477245, *9. Petitioner appealed the habeas court's ruling to this Court. We denied relief finding that the circuit court did not abuse its discretion in denying petitioner's habeas petition without first holding an evidentiary hearing. *Id.* at *2.

Thereafter, petitioner filed another habeas petition on September 15, 2014, alleging ineffective assistance of habeas counsel. The habeas court summarily denied relief finding that every ground for relief that petitioner raised had been waived or adjudicated except for two issues that could be raised within the context of a claim for ineffective assistance of habeas counsel: violation of speedy trial rights and defects in the grand jury proceeding. *See Pendleton v. Ballard*, No. 14-1307, 2015 WL 6955134, at *1 (W. Va. Supreme Court, Nov. 6, 2015) (memorandum decision). Regarding speedy trial rights, the habeas court found that counsel made a strategic decision not to focus on that argument because it was logically inconsistent with petitioner's claim that trial counsel did not have enough time to prepare for trial and that a continuance should be

granted. *Id.* Regarding alleged defects in the grand jury proceeding, the habeas court found that in arguing that the grand jury proceedings were unfair, petitioner was contending that the victim's statement to the police was wrongfully withheld from the grand jury. The habeas court found that "habeas counsel made a strategic decision not to focus on that argument to maintain logical consistency because in *Pendleton*, petitioner was also claiming that the State utilized irrelevant evidence against him." *Id.* Accordingly, the habeas court found that neither instance constituted ineffective assistance of counsel." *Id.*

On appeal, "the parties dispute[d] whether every ground for relief except for the two issues identified by the circuit court w[ere] adjudicated and/or waived in prior proceedings." *Id.* at *2. We agreed with the State that the doctrine of res judicata barred petitioner from raising "any issue other than the two grounds that the circuit court addressed in the instant case: (1) that petitioner's right to a speedy trial was violated; and (2) that the grand jury that indicted petitioner was conducted in an improper way." *Id.*

That same reasoning applies here. Petitioner's Rule 34 motion for arrest of judgment repeats his claim that his "indictment was so defective as to fail[] to charge [him] with a crime under the laws of the [S]tate of West Virginia." Clearly, that claim was previously raised and adjudicated by the trial court, the habeas court, and this Court. Thus, we find petitioner is entitled to no relief.

The circuit court also correctly denied petitioner's Rule 34 motion as untimely. Rule 34 of the West Virginia Rules of Criminal Procedure provides that a defendant must make such a motion "within ten days after verdict or finding of guilty . . . or within such further time as the court may fix during the ten-day period." Admittedly, in *Johnson*, the Court held that, notwithstanding Rule 34's constraints, certain defects in an indictment may be raised "at any time." 219 W. Va. at 702, 639 S.E.2d at 794. In *State v. McKinney*, No. 11-0458, 2012 WL 2914997 (W. Va. Feb. 14, 2012) (memorandum decision), the Court found that "an argument as to a defective indictment [may be raised] at any time, so long as it was so defective as not to charge an offense under the laws of the state." *Id.* at *2 (emphasis added). However, as in *McKinney*, petitioner's indictment "was not so defective as to fail to charge petitioner with a crime under the laws of [this] state." *Id.* at *2. Therefore, the circuit court did not err in denying petitioner's motion for arrest of judgment on the ground that it was untimely.

Accordingly, for the foregoing reasons, we affirm the circuit court's March 3, 2020, sentencing order.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead

Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn