**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 23-20** (Kanawha County 2020-F-236)

Brian B.,
Defendant Below, Petitioner

**MEMORANDUM DECISION**

Petitioner Brian B. appeals the Circuit Court of Kanawha County's December 13, 2022, resentencing order[1] following his convictions for various sexual offenses.[2] The petitioner argues that the circuit court erred in denying his motion to dismiss certain counts of the indictment and that his sentence is disproportionate. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In October 2020, the grand jury returned a thirteen-count indictment against the petitioner charging him with committing various sex crimes against his daughter (the "victim"). Counts One and Two charged the petitioner, who is over the age of eighteen, with committing first-degree sexual assault between March 11, 2015, and March 10, 2020, by engaging in sexual intercourse with the victim, who was younger than twelve. Counts Three and Four charged the petitioner with committing sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child ("sexual abuse by a parent") between March 11, 2015, and March 10, 2020, by engaging in and attempting to engage in sexual intercourse with the victim. Counts Five and Six charged the petitioner with committing incest between March 11, 2015, and March 10, 2020, by engaging in sexual intercourse with his daughter. Counts Seven and Eight charged the petitioner with committing the first-degree sexual abuse of the victim between March 11, 2015, and March 10, 2020, by subjecting her to sexual contact (between the petitioner's hands and the victim's breasts)

---

[1] The petitioner was sentenced to 25 to 100 years of incarceration each for Counts One and Two; 10 to 20 years of incarceration each for Counts Three, Four, Nine, Ten, and Eleven; 5 to 15 years of incarceration each for Counts Five and Six; and 5 to 25 years of incarceration each for Counts Seven and Eight, with all sentences to run consecutively.

[2] The petitioner appears by counsel Ronald N. Walters Jr. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

for the purpose of gratifying a sexual desire. Count Nine charged sexual abuse by a parent, occurring between March 11, 2015, and March 10, 2020, and committed by the petitioner's having engaged in and attempted to engage in sexual contact (between the petitioner's hands and the victim's breasts) with the victim. Counts Ten and Eleven charged the petitioner with committing sexual abuse by a parent between March 11, 2015, and June 1, 2020, by engaging in and attempting to engage in sexual contact (between the petitioner's hands and the victim's breasts) with the victim. Count Twelve charged the petitioner with sexual abuse by a parent between March 11, 2020, and June 1, 2020, by engaging in and attempting to engage in sexual intercourse with the victim. Lastly, Count Thirteen charged the petitioner with committing incest between March 11, 2020, and June 1, 2020, by engaging in sexual intercourse with the victim.

The petitioner moved to dismiss the duplicative counts in the indictment. He argued that the duplicative counts "all use identical language," so they fail to provide him adequate notice. The circuit court denied the petitioner's motion. It stated that "each count of the indictment set forth the relevant statu[t]e, tracked the statutory language, provided the date range during which each offense occurred, identified the victim, and identified the act involved in each offense." Therefore, the court concluded that the petitioner was put "on fair notice of the charges against which he must defend," and the indictment "enables him to assert acquittal or conviction in order to prevent him from being placed twice in jeopardy."

At the petitioner's jury trial, the victim testified to specific acts of sexual abuse and sexual assault that the petitioner committed against her, which began when she was six or seven years old. A medical doctor who conducted a physical examination of the victim testified to finding evidence of vaginal penetrative trauma. The jury also heard the petitioner's statements given to law enforcement. In those statements, the petitioner admitted to certain sexual misconduct, including at least one instance of vaginal intercourse with the victim.[3] At the conclusion of the evidence, the jury acquitted the petitioner of one count of sexual abuse by a parent (Count Twelve) and one count of incest (Count Thirteen), but it found him guilty of the remaining eleven counts. The court sentenced the petitioner to the terms of incarceration required by the relevant statutes,[4] and it ordered that those terms be served consecutively. On December 13, 2022, the petitioner was resentenced for purposes of filing an appeal, and it is from that resentencing order that he now appeals.

The petitioner raises two assignments of error. In his first, he argues that the circuit court erred in denying his motion to dismiss the identically worded counts in the indictment because they provided insufficient notice and impair his ability to assert double jeopardy in the future. The petitioner also submits that "more precision" was necessary in the counts charging a crime alleged to have occurred within a five-year span so that an adequate defense could be prepared. The petitioner states that "the legal basis" for this assignment of error is found in *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), where the Court of Appeals for the Sixth Circuit affirmed a grant of

---

[3] The petitioner's statements were not made part of the appendix record. The general content of his admissions has been gleaned from references to the statements in the appendix record.

[4] *See* W. Va. Code §§ 61-8B-3, -8D-5, -8-12, and -8B-7.

habeas relief to a petitioner whose indictment charged twenty "carbon-copy" counts of one sexual offense and twenty of another, which, the *Valentine* court found, failed to provide notice of the crime charged with sufficient specificity to avoid placing the defendant in double jeopardy. *Id.* at 628. The petitioner acknowledges that this Court rejected *Valentine*'s holding and reasoning in *Ballard v. Dilworth*, 230 W. Va. 449, 739 S.E.2d 643 (2013), but he urges the Court to now reverse course.

"Generally, the sufficiency of an indictment is reviewed de novo. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 1, in part, *State v. Maichle*, 249 W. Va. 326, 895 S.E.2d 181 (2023) (quoting Syl. Pt. 1, *State v. Legg*, 218 W. Va. 519, 625 S.E.2d 281 (2005)). An indictment is sufficient "if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." *Maichle*, 249 W. Va. at ---, 895 S.E.2d at 183, Syl. Pt. 3, in part (quoting Syl. Pt. 6, *State v. Wallace*, 205 W. Va 155, 517 S.E.2d 20 (1999)).

As the petitioner acknowledges, in *Dilworth*, we rejected the argument that the mere fact that counts in an indictment are identically worded presents notice or potential double jeopardy concerns.[5] Instead, we found the dissenting opinion in *Valentine* to be "[i]mminently better reasoned" in explaining that "prohibiting the use of multiple identical charges in a single indictment would severely hamper a state's ability to prosecute crimes where a young child is both the victim and the sole witness." *Dilworth*, 230 W. Va. at 458, 739 S.E.2d at 652 (quoting *Valentine*, 395 F.3d at 640 (Gilman, J., dissenting)). We have also rejected challenges to indictments predicated on the breadth of the date range provided where sexual offenses are charged because time is not an element of sexual offenses and need not be specified in the indictment. *See, e.g.*, *Frank A. v. Ames*, 246 W. Va. 145, 170, 866 S.E.2d 210, 235 (2021); *State v. Miller*, 195 W. Va. 656, 662-64, 466 S.E.2d 507, 513-15 (1995). The indictment here tracked the pertinent statutory language and identified the victim, the offense, specific conduct giving rise to each charged offense, and the timeframe within which each offense occurred. Furthermore, as was the case in *Dilworth*, it is clear that the petitioner had fair notice of what he needed to defend against, because he confessed to certain sexual offenses. *See Dilworth*, 230 W. Va. at 458, 739 S.E.2d at 652. Accordingly, the petitioner's indictment was constitutionally sufficient. We find no basis upon which to reconsider our prior rejection of *Valentine*'s reasoning and holding, and we find no error in the court's denial of the petitioner's motion to dismiss duplicative charges in the indictment.

Lastly, the petitioner argues that his sentence is disproportionate to his crimes, due primarily to the court's having ordered consecutive terms of incarceration. But proportionality principles are "basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Sentences that are within statutory limits and not based on an impermissible factor, on the other hand, are not subject to appellate review.

---

[5] The petitioner does not dispute that each count of his indictment states the elements of the charged offense.

Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). It is undisputed that the petitioner's sentences are within the limits provided for under the statutes criminalizing the sexual offenses of which he was convicted, and he does not assert that the sentences are based on an impermissible factor. As such, appellate review is unavailable. *See Christopher J. v. Ames*, 241 W. Va. 822, 835, 828 S.E.2d 884, 897 (2019) (declining to consider a proportionality challenge to consecutive sentences because the sentences were within statutory limits and not based on an impermissible factor).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn