# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-0658** (Fayette County 14-F-68)

**Paul E. Horne,**
**Defendant Below, Petitioner**

**FILED**

April 10, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Paul E. Horne, by counsel Christopher S. Moorehead, appeals the order of the Circuit Court of Fayette County denying his motion for judgment notwithstanding the verdict or for a new trial entered on June 12, 2014. Respondent State of West Virginia, by counsel Roger L. Lambert, filed a response. Following a jury trial, petitioner was convicted of conspiracy to commit a felony, burglary, and petit larceny.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in January of 2014, for the felony offenses of conspiracy to commit a felony and burglary, and for petit larceny, a misdemeanor. The West Virginia State Police Report of Criminal Investigation, upon which the indictment was based, states that on May 28, 2013, petitioner, Carl Walker, Jr., and Tex Koch conspired to burglarize the residence of an individual who was incarcerated; that Walker forcibly entered the residence while petitioner and Koch waited in a nearby vehicle; that after Walker returned to the vehicle with several firearms taken from the residence, petitioner advised Walker that the firearms were not worth much money and to return to the residence to obtain more firearms; that Walker then went back into the residence and returned to the vehicle with additional firearms; that Walker then took the firearms to his residence and at some point reconnected with petitioner and Koch. Law enforcement retrieved five firearms from petitioner, Walker, and Koch. Walker was the first to be arrested and gave the police a recorded statement describing the crimes. Thereafter, petitioner and Koch gave recorded statements as well. Petitioner denied knowing that Walker was stealing guns from the residence, but indicated that he would help sell them. In addition, the police secured a statement from a neighbor of the burglarized residence who saw Walker leave the residence with firearms and place them into the vehicle driven by petitioner.

1

The case proceeded to a jury trial on April 29, 2014. Petitioner was found guilty of the three charges in the indictment – conspiracy to commit a felony, burglary, and petit larceny – and was sentenced to consecutive terms of one to five years in prison and one to fifteen years in prison, with a six-month prison sentence for petit larceny to run concurrently with the sentences for the two felonies. Petitioner filed a motion for judgment notwithstanding the verdict or for a new trial, which the circuit court denied by order entered June 12, 2014. Petitioner now appeals to this Court.

On appeal, petitioner raises three assignments of error. First, he argues that the circuit court interfered with the trial and unfairly assisted the prosecution. In support, petitioner references three instances during his trial where he alleges that the court improperly questioned witnesses and interjected improper comments in the presence of the jury that exceeded the bounds of impartiality. In Syllabus Points 1 and 2 of *State v. Farmer,* 200 W.Va. 507, 490 S.E.2d 326 (1997), we held as follows:

> 1.      A trial court must exercise its sound discretion when questioning a witness pursuant to Rule 614(b) of the West Virginia Rules of Evidence. This Court will review a trial court's questioning of a witness under the abuse of discretion standard. To the extent the issue involves an interpretation of the Rule 614(b) as a matter of law, however, our review is plenary and de novo.

> 2.      "A trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such intervention does not operate to prejudice the defendant's case. With regard to evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury." Syl. Pt. 4, *State v. Burton*, 163 W.Va. 40, 254 S.E.2d 129 (1979).

The first instance of improper judicial interference that petitioner references occurred during the State's questioning of Walker, who was required by his plea agreement to testify against petitioner. He was the first witness called by the State. After the first few questions from the assistant prosecutor, it became apparent that Walker was reluctant to testify and provided only vague answers. The circuit court stated the following:

> THE COURT: Well, Mr. Walker, you know, you know why you're here.

> WITNESS: Yes, sir.

> THE COURT: You've given a statement.

> WITNESS: Yes.

> THE COURT: Now, this lawyer shouldn't have to drag things out of you. If you know something about this case, spit it out. If you don't then that's fine

too. But, now, listen to the question and try to respond to it as best you can. All right, go ahead and ask him the question.

Petitioner argues that the circuit court essentially scolded Walker to testify consistent with his statement, which Walker then did by indicating that he took five guns from the residence and placed four into petitioner's vehicle.

Petitioner argues that the second instance of improper interference occurred when the court assisted the State again during Walker's testimony by having Walker identify petitioner as the person who told him to return to the residence to get bigger barreled guns. Petitioner states that the court took over the questioning and made sure that Walker identified petitioner by the type of shirt he was wearing at the trial.

The final instance of alleged improper assistance to the State by the court centered on an alleged threat that petitioner made to Walker during their transport from the Southern Regional Jail to the courthouse for the trial. Once the assistant prosecutor became aware of the threat, he requested a conference with the court outside of the presence of the jury. He then advised the court that on the ride to court in the same van, petitioner impliedly threatened harm to Walker should Walker testify against him.[1] The assistant prosecutor requested that the two men be transported back to the jail in separate vans and that Walker be placed in protective custody. In addition, over petitioner's objection, the court allowed the State to recall Walker, who had been excused as a witness, to testify to petitioner's threats.[2] Petitioner contends that these three instances demonstrate that the court lost its impartiality during the trial and that a new trial is warranted.

Upon our review of the record, we do not find the three instances cited by petitioner demonstrate that the circuit court lost its impartiality. With respect to telling Walker to "spit it out," the court did not instruct Walker how to testify; it merely was admonishing the witness to get to the point, which the court has the inherent power to do when dilatory conduct causes a lag in the proceedings. With respect to assisting the State in having Walker identify petitioner, the record shows that the State had already elicited testimony that petitioner was in the courtroom wearing a blue shirt. The court's interjection merely supplemented this questioning by having Walker testify that it was a blue plaid shirt.

In Syllabus Point 3 of *State v. Thompson,* 220 W.Va. 398, 647 S.E.2d 834 (2007), we held that

> [w]here a defendant on appeal in a criminal case asserts that a trial court's questioning of witnesses and comments prejudiced the defendant's right to present evidence and jeopardized the impartiality of the jury, this Court upon review will

---

[1] Walker testified that petitioner said he better not testify against him or "it wouldn't be good when he got home."

[2] By the court's direction, this testimony did not reveal that the two men were being transported from jail at the time of the threat.

evaluate the entire record to determine whether the conduct of the trial has been such that jurors have been impressed with the trial judge's partiality to one side to the point that the judge's partiality became a factor in the determination of the jury so that the defendant did not receive a fair trial.

In *Thompson,* the State propounded seventy-eight questions over four witnesses, many of which related to the witnesses' credibility. In the present case, the circuit court interjected only a few non-substantive questions to a single witness. We note that petitioner primarily focuses his argument not on the number of questions the court asked, but on the court's permitting the State to recall Walker to testify that petitioner threatened him should he testify. In this respect, we find no abuse of discretion. The transcript of Walker's initial testimony reveals that he was vague and non-responsive, so much so that the court had to instruct him to "spit it out." When the court later learned that Walker's reluctance may have been due to petitioner's threat, it was not an abuse of discretion for the court to allow the jury to hear Walker testify about that threat. Importantly, the court was careful to keep the jury from hearing that the threat occurred on the way from the jail. The court began the questioning by asking Walker one question -- "did you arrive at court this morning with the defendant?" -- then turned the examination over to the assistant prosecutor to elicit the exact nature of the threat. Petitioner's counsel then cross-examined Walker. We see no error in allowing the State to recall Walker for this purpose.

Petitioner's second assignment of error is that the circuit court erred by permitting the State to argue that petitioner was an accessory before the fact/principal in the second degree, while the indictment alleged principal in the first degree. Petitioner alleges that he was denied notice of the State's theory. Petitioner relies on *State v. Wallace,* 205 W.Va. 155, 517 S.E.2d 20 (1999), to argue that an indictment must allege all of the elements of the offense charged, including accomplice liability. Petitioner argues that *Silver* modified our prior holdings in *State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980) and *State v. Fortner,* 182 W.Va. 345, 387 S.E.2d 812 (1989), that an indictment need not charge accomplice liability.

This Court rejected petitioner's argument in *State v. Legg,* 218 W.Va. 519, 525, 625 S.E.2d 281, 287 (2005), where we stated that

> [b]ecause *Petry* and its progeny should put all defendants in West Virginia on *constructive notice* that an aiding and abetting instruction may be requested, even in the absence of an indictment thereon, we do not believe that the policies behind *State v. Wallace* are disregarded by upholding the rule established in *Petry.*

Petitioner focuses solely on the indictment; he fails to recognize that he was put on notice of the State's accomplice liability theory in discovery. The police report and Walker's statement made it clear that Walker was the one who was alleged to have broken into the house and to have brought the guns to petitioner waiting in the car. Additionally, during jury selection, the assistant prosecutor told the jury panel that the State's theory would be accessory before the fact, described the theory, and asked if anyone on the panel could not judge the case with that theory in mind. Therefore, petitioner was on actual notice of the State's theory.

4

Notice notwithstanding, petitioner cannot show prejudice. At trial, petitioner argued that he lacked the criminal intent necessary for the convictions; his defense was that, while he accepted the firearms from Walker, he did not know that Walker burglarized the home or that the guns were stolen. This defense would be the same regardless of which theory the State pursued. Accordingly, the circuit court did not error in permitting the State to present an accessory before the fact/principal in the second degree theory against petitioner.

Petitioner's final assignment of error is that there was insufficient evidence to sustain his convictions. We have held that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Petitioner argues that Walker's testimony initially did not implicate petitioner in any conspiracy related to stealing guns. Ultimately, Walker testified that he broke into the residence, took five guns, and put four of them in petitioner's car, but that the guns were not wrapped in anything. Petitioner also contends that the neighbor testified that she saw Walker carrying guns wrapped up in a sheet, contrary to Walker's testimony. Additionally, her testimony contradicts Walker's with regard to the number of trips Walker made in and out of the residence. Petitioner argues that Walker's testimony does not reveal a plan to steal guns; rather, Walker merely told petitioner he could get some guns from his neighbor. Petitioner argues that the jury acted on speculation that there was a plan to burglarize the residence.

Upon our review of the record, we find there was sufficient evidence to sustain petitioner's convictions. The testimony revealed that petitioner told Walker that he could sell the guns in order to have money with which to buy drugs; that Walker told petitioner where they could obtain guns to sell – from a neighbor who was incarcerated; and that when Walker brought several guns to petitioner, who was waiting in a nearby car, petitioner advised Walker that those guns were not worth much money and to go back to the residence to find guns with bigger barrels because they are more valuable. There is sufficient evidence that petitioner knew Walker was burglarizing the home in order to get guns to sell. As for the inconsistencies between the testimony of Walker and the eyewitness neighbor, this Court has held that matters of witness credibility and resolving inconsistencies in testimony are within the sole province of the jury. *See State v. Houston,* 197 W.Va. 215, 475 S.E.2d 307 (1996). Therefore, we see no basis to disturb the jury's verdict in this matter.

For the foregoing reasons, we affirm the circuit court's "Order Denying Defendant's Motion for Judgment Notwithstanding the Verdict or For a New Trial" entered on June 12, 2014.

Affirmed.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II